IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES & CONNIE FLORES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DDJ, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CV F 99-5878 AWI DLB <br><br> ORDER DENYING MOTION FOR ORDER TO CALENDAR A HEARING DATE CERTAIN ON MOTION TO ADD JUDGMENT DEBTORS <br><br> (Document #411) |

## BACKGROUND

In this action, Plaintiffs Joe and Connie Flores obtained jury verdict for damages against Defendants for Defendants' violations of PACA and state law. After the court had entered judgment against Defendants, Plaintiffs filed a motion to add as judgment debtors various individuals and entities ("the Individuals"). On January 4, 2005, the court received notice that on January 2, 2005, Defendants had filed Petitions to Commence Chapter 7 Bankruptcy. On January 10, 2005, the court stayed this action pursuant to 11 U.S.C. § 362(a) and ordered Defendants to file a status report with the court with in ten days of the conclusion of the bankruptcy proceedings.

1

On March 30, 2007, Plaintiff Joe Flores filed a motion for an order to calendar a hearing date certain on Plaintiffs' motion to add judgment debtors.  In the motion, Plaintiff Joe Flores contends that the Bankruptcy Trustee has failed to vacate fraudulent transfers as part of the bankruptcy proceedings and that the time within which the Trustee could have done so has passed.   Plaintiff Joe Flores contends that because the Trustee can no longer obtain the assets Defendants transferred to the Individuals, the stay has lifted and the court should set a hearing date certain on Plaintiffs' motion to add the Individuals as alter egos.

On April 12, 2007, the Chapter 7 Trustee for Defendant DDJ LLC ("the Trustee") filed an objection to the motion for an order setting a hearing date.

On April 12, 2007, some of the Individuals, including Dennis Hagobian, Victoria Hagobian, the Dennis Hagobian Residential Trust, the Victoria Hagobian Residential Trust, and Rob Christensen, filed an opposition.[1]

On April 16, 2007, Plaintiff Joe Flores filed a reply to the Trustee's objection.

On April 23, 2007, Plaintiff Joe Flores filed a reply to the Individuals' opposition.

On April 26, 2007, Plaintiff Connie Flores filed a notice that she joined Plaintiff Joe Flores's motion.

Because the court took the motion under submission, on April 30, 2007, Plaintiff Joe Flores filed a supplemental points and authorities in which he addressed issues he had desired to address at the hearing.  In this document, Plaintiff Joe Flores clarifies that he wishes the court to rule on the motion to add judgment debtors that Plaintiffs filed in 2004.   Plaintiff Joe Flores also clarifies that Plaintiffs do not believe the court needs to lift the bankruptcy stay, and it is Plaintiffs' position that the bankruptcy stay has automatically lifted.   Finally, Plaintiff Joe Flores states that at oral argument he would have also pointed out that the Individuals have no standing to file an opposition to Plaintiffs' motion.

---

[1] Plaintiffs contend that the Individuals do not have standing to file an opposition.  The court declines to resolve the standing issue because this order's result is the same regardless of whether the Individuals' brief is considered.

2

//

### DISCUSSION

Title 11 U.S.C. § 362(a)(1) automatically stays actions when one party files Bankruptcy. "The automatic stay provisions of the Bankruptcy Code prohibit the continuation of a judicial action 'against the debtor' that was commenced before the bankruptcy, § 362(a)(1); the Code also prohibits 'any act to obtain possession of property of the estate . . . or to exercise control over the property of the estate. § 362(a)(3)." In re White, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995). The "policy behind § 362 is to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets. [Citation.]" White, 186 B.R. at 704. Title 11 U.S.C. 362(c)(2) states that the stay expires at the earliest of the time the bankruptcy case is closed, the time the case is dismissed, the time a discharge is granted or denied, and/or the property is no longer property of the estate. 11 U.S.C. § 362(c); In re Franklin, 179 B.R. 913, 925 (Bkrtcy. E.D. Cal. 1995). Section 362(c) reads as follows:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
>   (A) the time the case is closed;
>   (B) the time the case is dismissed; or
>   (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C.A. § 362 (c).

Plaintiffs contend that the stay has lifted because the property at issue is no longer the property of the estate. Plaintiffs base this conclusion on the fact that the statute of limitations has expired for several actions the Trustee could have taken regarding Defendants' alleged improper transfers of property to the Individuals and others. Plaintiffs are correct that the

3

Bankruptcy Code gives a trustee certain powers to vacate and void a debtor's transfer of assets.

Title 11 U.S.C.A. § 544(a) gives the trustee the right and power to void any transfer of property of the debtor or any obligation incurred by the debtor that is voidable.   Title 11 U.S.C. § 548 allows the trustee to vacate fraudulent transfers, and reads in part:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

11 U.S.C. § 548.   However, the trustee's ability to void or vacate a transfer is not limitless.   An action or proceeding under 11 U.S.C. § 544 or § 548 may not be commenced after the earlier of:

> (1) the later of--
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

11 U.S.C.A. § 546(a)

Plaintiffs' position is that Defendants have fraudulently transferred property to the Individuals.   Plaintiffs point out that the time during which the Trustee could have filed a motion to void or vacate these transfers has passed pursuant to 11 U.S.C. § 546(a).   As such, Plaintiffs' contend that the stay has automatically lifted because the property at issue – the property transferred by Defendants to the individuals – is no longer property of the estate.

While the court follows Plaintiff's legal argument, the court disagrees that the passing of the statute of limitations set forth in 11 U.S.C. § 546(a) operates to lift a bankruptcy stay.   The passing of the two year statue of limitations found in 11 U.S.C. § 546(a) is not listed in 11 U.S.C. § 362(c) as one of the events that concludes an automatic stay.   In addition, Plaintiffs do not cite, and this court has been unable to find, any case interpreting 11 U.S.C. § 362(c) to include the passing of 11 U.S.C. § 546(a)'s statute of limitations as an event which ends the automatic

stay. Thus, contrary to Plaintiffs' position, the stay in this action remains in place.

The court notes that whether the alter ego claims belong to the bankruptcy estate is still being litigated in the bankruptcy proceedings. The Bankruptcy Judge's decision that the alter ego claims belong to the bankruptcy estates is currently pending on appeal. The Bankruptcy Judge has also ruled that the stay in this action will not be lifted. Absent an order by the Bankruptcy Judge or specific language in 11 U.S.C. § 362(c), stating that the passing of 11 U.S.C. § 546(a)'s limitation period ends the automatic stay, the court finds that the automatic stay continues, and this action, including Plaintiffs' alter ego claims, remains stayed.[2]

Finally, the court notes that in both the Trustee's objection and Plaintiff Joe Flores's reply, the parties spend significant time addressing whether the parties have entered into a settlement agreement in the bankruptcy case. While the Trustee contends that as part of a settlement Plaintiffs assigned their rights in this action to the Trustee, Plaintiffs appear to be contesting the terms of this settlement. A motion to enforce the settlement is currently pending in the Bankruptcy Court. Because the court finds the bankruptcy stay has not yet lifted, it is unnecessary to further address the possible settlement other than to note that the bankruptcy case is still active and actions taken in the bankruptcy case may still affect this action.

**ORDER**

Accordingly, the court ORDERS that Plaintiffs' motion for an order to calendar a hearing date certain on Plaintiffs' motion to add judgment debtors is DENIED. This action remains STAYED pursuant to 11 U.S.C. § 362(a).

IT IS SO ORDERED.

**Dated:   May 22, 2007**                               **/s/ Anthony W. Ishii**
                                                       UNITED STATES DISTRICT JUDGE

---

[2] While the court recognizes that Plaintiffs are frustrated in what they perceive as the Trustee's failure to use all resources available to recover assets transferred by Defendants, Defendants' bankruptcy proceedings have not concluded and the court is not convinced the Trustee has no more remedies available to it.

5