IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, CONNIE FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>DDJ, INC., et al.,<br><br>Defendants. | CV-F-99-5878 AWI DLB<br><br>ORDER DENYING MOTION TO COMPEL<br>[DOC 492] |

On February 4, 2008, plaintiff Joe Flores ("Plaintiff") filed the present motion to compel production of documents. The motion was heard on February 29, 2008 before the undersigned. Joe Flores appeared in pro se. Henry Nunez appeared for the Chapter 7 Trustee; Russell VanRozebroom appeared for Judith Yeramian; David Jenkins appeared for Dennis Vartan and Ralph Swansen appeared for Victoria Hagobian.

**BACKGROUND**

On June 23, 1999, plaintiffs Joe Flores and Connie Flores sued defendants DDJ, Inc. and DDJ, LLC ("Defendant Entities") for damages alleging violations of PACA and state law. A Jury trial was held in July 2003. The jury returned a verdict for Plaintiffs and the court entered judgment on March 11, 2004. On September 13, 2004, plaintiffs filed a motion to add judgment debtors Dennis Hagobian, Dennis Vartan, Victoria Hagobian, Judith Yeramian, W.D. Farming, LLC, the Yeramian Trust and the Vartan Trust. Prior to the Court ruling on the motion to add judgment debtors, the Defendant Entities filed bankruptcy. On January 10, 2005, the Court entered an order vacating the hearing date on Plaintiffs' motion and staying the action pursuant to 11 U.S.C. § 362(a).

1

After resolution of the bankruptcy stay, the Court reset Plaintiffs' motion to add judgment debtors. On November 30, 2007, the Court denied the motion. On January 15, 2008, Plaintiffs filed a motion for reconsideration, which is still pending.

On December 12, 2007, Plaintiff Joe Flores propounded requests for production of documents on the Defendant Entities. In addition to the Chapter 7 Trustee, Plaintiff served the discovery on Dennis Vartan and his attorney; Ralph Swanson, attorney for Victoria Hagobian; and Russell VanRozebroom, attorney for Judith Yeramian.

Plaintiff contends that "[j]udgment debtor DDJ Entities by and through their officers, failed to respond by the due date of January 14, 2008." On January 22, 2008, Plaintiff served a "meet and confer" letter on "DDJ entities officers and/or their attorneys of record." Plaintiff received a response from Victoria Hagobian's attorney indicating that she would not be responding to the discovery. Plaintiff filed this motion on February 4, 2008 and an amended points and authorities on February 5, 2008. On February 15, 2008, Victoria Hagobian filed an opposition to the motion; on February 19, 2008, Dennis Vartan filed a declaration in opposition to the motion; on February 20, 2008, counsel for Judith Yeramian filed a declaration in opposition to the motion; and on February 25, 2008, counsel for the trustee filed a declaration in reply to the opposition. Plaintiff filed a reply to the opposition and declaration on February 26, 2008.

## DISCUSSION

Federal Rule of Civil procedure 34(a)(1)(A) provides:

> **a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):
>
> **(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> **(A)** any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

2

Pursuant to Rule 34, Plaintiff seeks documents regarding the assets of the responding parties which are identified in the discovery as DDJ, Inc. and DDJ, LLC, the Defendants Entities. However, Plaintiff served the discovery on several individuals whom he believes are officers of the Defendant Entities and he seeks an order compelling responses to the discovery from these individuals.

Plaintiff's motion is denied. Rule 34 requests cannot be directed to officers, directors, managing agents, employees, or related entities of parties. Nevertheless, such requests require production of evidence in the party's possession, custody or control, which encompass evidence held by affiliated persons and entities. Here, the responding parties are entities in Bankruptcy and the Chapter 7 Trustee has responded that he does not have any documents responsive to Plaintiff's requests in his possession, custody or control. Plaintiff has therefore received responses to the discovery from the Defendant Entities to which the discovery was directed. Rule 34 requires no more.

As discussed at the hearing, the proper device for obtaining discovery from non-parties is a Rule 45 subpoena. Indeed, a Rule 45 subpoena is the only method by which information may be obtained directly from a nonparty. *See* Adv. Comm. Note on 1991 Amendment to FRCP 45. After discussion, counsel for Victoria Hagobian and Dennis Vartan agreed to accept service of Rule 45 subpoenas on behalf of their clients, should it be determined that such discovery is proper in this case. Plaintiff was also advised by counsel for the Trustee that he planned to pursue the depositions of the same individuals in the Bankruptcy case. Plaintiff is advised that he should confer with the Trustee regarding these depositions to avoid duplication of efforts and unnecessary costs to the individuals involved.

Based on the foregoing, Plaintiff's motion to compel production of documents is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __March 3, 2008__          _____/s/ Dennis L. Beck_____
                                  UNITED STATES MAGISTRATE JUDGE