IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES AND CONNIE FLORES,   )<br>                                                               )<br>              Plaintiffs,              )<br>      v.                                                   )<br>                                                               )<br>DDJ, INC., et al.,                               )<br>                                                               )<br>              Defendants.           )<br>_____) | 1: 99-CV-5878 AWI DLB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER DENYING MOTION FOR SANCTIONS<br><br>(Documents #484 & #527) |

**BACKGROUND**

In this action, Plaintiffs Joe and Connie Flores sued for damages against a packing merchant dealer, DDJ., Inc., and another entity, DDJ LLC, ["DDJ Entities"] for violations of PACA and state law.  The court had jurisdiction over the PACA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  The jury returned a verdict for Plaintiffs, and the court entered judgment on March 11, 2004.  The court then addressed numerous post judgment motions.

On September 13, 2004, Plaintiff Joe Flores filed a motion to amend judgment to add judgment debtors as alter egos ["motion to amend judgment"], which Plaintiff Connie Flores joined.  Plaintiffs contended that the DDJ Entities are the alter egos of Dennis Hagobian, Dennis Vartan, Victoria Hagobian, Judith Yeramian, W.D. Farming, LLC, the Yeramian Trust and the Vartan Trust. On November 1, 2004, Dennis Hagobian, Victoria Hagobian, Dennis Vartan, Judith Yeramian, and the Yeramian Trust ("the Individuals") filed an opposition to the motion to amend judgment.

Prior to the court ruling on the motion to amend judgement, the DDJ Entities filed for

bankruptcy and the court stayed this action. After the bankruptcy stay had been resolved, on October 9, 2007, the court re-set Plaintiffs' motion to amend judgement. On October 17, 2007, Plaintiffs filed a supplemental memorandum of points and authorities in support of their motion. On October 25, 2007, the Bankruptcy Trustee, on behalf of the DDJ Entities, ("the Trustee") filed a declaration in support of Plaintiffs' motion. On November 1, 2007, Dennis Hagobian and Victoria Hagobian ("Hagobians") filed an opposition to Plaintiffs' supplemental pleading. On November 30, 2007, the court denied Plaintiffs' motion to amend judgement.

After receiving an extension of time, on January 15, 2008, Plaintiffs filed the pending motion for reconsideration of the court's order denying the motion to amend judgement. On February 1, 2008, the Trustee joined in Plaintiffs' motion for reconsideration. The Trustee also submitted a statement of undisputed facts in support of reconsideration.

On February 8, 2008, Hagobians filed an opposition to the motion for reconsideration.

On February 20, 2008, Plaintiffs and the Trustee filed reply briefs to the motion for reconsideration.

On February 22, 2008, the court vacated the hearing on the motion for reconsideration, ordered that the Individuals could file any response to the Trustee's late joinder and statement of undisputed facts by February 28, 2008, ordered Plaintiffs and the Trustee to file any reply brief by March 7, 2008, and stated that the court would take the motion for reconsideration under submission as of March 7, 2008.

On March 7, 2008, Hagobians filed a late opposition to the Trustee's joinder and statement of undisputed facts. On March 13, 2008, the Trustee filed a reply to Hagobians' opposition to the statement of undisputed facts.

On March 17, 2008, Plaintiff Joe Flores filed a motion for sanctions against Hagobians and Hagobians' Attorneys because they filed their opposition late. On April 4, 2008, Hagobians filed an opposition to the motion for sanctions. This motion was taken under submission, and is also pending before the court.

# MOTION FOR RECONSIDERATION

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed.R.Civ.Pro. 60(b); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "The Rule 60(b)(6) catch-all provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action . . . .'" Id. (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law

of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

**B. Discussion**

Plaintiffs have filed a motion for reconsideration that the Trustee joins.  Plaintiffs' motion re-states two arguments presented to the court in the motion to amend judgement.  The Trustee's joinder provides additional evidence, facts, legal arguments, and embellishments on Plaintiffs' arguments in the underlying motion to amend judgement.  On their face, these documents do not meet the standard for reconsideration.  Reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School District No. 1J, Multnomah County, Oregon, 5 F.3d at 1263.  Here, Plaintiffs and the Trustee provide arguments and evidence already furnished to the court.  To the extent Plaintiffs and the Trustee make new arguments and provide new evidence, these arguments and evidence could have been provided to the court prior to the court's order on the motion to amend judgment.

The Plaintiffs' brief and, particularly, the Trustee's brief require the court to remind all parties that "[c]ourt opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Wallace v. Georgia Department of Transp., 2006 WL 1582409, *2 (M.D.Ga. 2006); American Ass'n of People With Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003); Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D.Ill.1988).  When a party disagrees with a court's order, a motion for reconsideration is not the place to make arguments already rejected by the court.  Walker v.

4

Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). A motion for reconsideration is also not the place to provide additional arguments and evidence in support of the underlying motion that were not brought to the court's attention earlier. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). The failure to file evidence in an original motion or opposition does not turn this late filed evidence into "newly discovered evidence." Shalit v. Coppe, 182 F.3d 1124, 1132 (9th Cir. 1999). There is an all too prevalent misconception of the litigation process, in which the knocked-out combatant seeks to portray what has taken place as a mere warmup rather than as the main event. American Ass'n of People With Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003); Huffman v. Anderson, 118 F.R.D. 97, 99 (N.D.Ind. 1987); Settino v. City of Chicago, 642 F.Supp. 755. 759 (N.D.Ill. 1986).

    Thus, the court must deny Plaintiffs' motion for reconsideration. However, in the interest of creating a record and to avoid yet another round of motions for reconsideration, the court will comment briefly on Plaintiffs' motion and the Trustee's joinder.

    ***1. Plaintiffs' Motion***

    Plaintiffs contend that the court incorrectly found that the Individuals were not the alter egos of the DDJ Entities. As discussed in the order denying the motion to amend judgement there "'is no litmus test to determine when the corporate veil will be pierced,'" and the result will depend on the circumstances of each particular case. Nelson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1543 (9th Cir.1988) (quoting Mesler v. Bragg Management Co., 39 Cal.3d 290, 300 (1985)). Some factors to be considered include the commingling of funds and other assets, the individual holding himself out as liable for the debts of the corporation, ownership and control of the corporation by the individual, inadequate capitalization, disregarding corporate formalities, and failure to segregate corporate records. See, e.g., Firstmark Capital Corp. v. Hempel Financial Corp., 859 F.2d 92, 94 (9th Cir. 1988); Sonora Diamond Corp. v. Superior Court of Tuolumne County, 83 Cal.App.4th 523, 538-539 (2000).

"No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied. Alter ego is an extreme remedy, sparingly used." Sonora, 83 Cal.App.4th at 538-39.

The motion for reconsideration spends considerable time addressing Dennis Hagobian's role with DDJ, Inc., and Plaintiffs' belief that his actions violated PACA and state regulations. Plaintiffs argue that Mr. Hagobian's improper role with DDJ, Inc. shows an alter ego relationship. In the court's order denying the motion to amend judgement, the court considered Mr. Hagobian's role with DDJ, Inc. The court reviewed Plaintiffs' evidence, agreed with much of Plaintiffs' argument, and concluded that Mr. Hagobian did maintain an inappropriate role with DDJ, Inc. The court found that Mr. Hagobian's improper conduct with DDJ, Inc. contributed to a finding that the Individuals had disregarded DDJ, Inc.'s corporate forum. However, as addressed in the court's order, Mr. Hagobian's role, even if it violated regulations, is insufficient to mandate a finding of alter ego.

"A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through-- rightly or wrongly." Stone v. Baum, 2006 WL 66668, *1 (D.Ariz. 2006); Snyder v. Department of Defense, 2005 WL 1796228, *2 (N.D.Cal. 2005); Potter v. Potter, 199 F.R.D. 550, 552 (D.Md. 2001); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983); Refrigeration Sales Co. v. Mitchell-Jackson, Inc., 605 F.Supp. 6, 7 (N.D.Ill.1983). Yet, this is exactly what Plaintiffs' motion for reconsideration does. Plaintiffs are simply remaking an argument about Mr. Hagobian already considered, and adopted to a large extent, by the court. Accordingly, Plaintiffs' motion for reconsideration does not provide grounds to reconsider the court's order.

Plaintiffs' motion also contends that the litigation between the DDJ Entities and Traner & Taft ("T&T") did not benefit the DDJ Entities as the court found in its order denying the motion to amend judgement. In the order denying the motion to amend judgment, the court considered

this litigation because it was raised in Plaintiffs' supplement to the motion to amend judgment. The court found that there was a binding arbitrator's award holding that the actions the Individuals took at issue in T&T's lawsuit against the Individuals were taken while the Individuals were acting as the DDJ Entities's agents. As such, the arbitrator's binding award was made against the DDJ Entities and not the Individuals. The Individuals did not personally "benefit" by the settlement because both actions at issue involved T&T and the DDJ Entities. Because the DDJ Entities would ultimately have been financially responsible for any money owed to T&T, it is of little relevance that the settlement was, perhaps, a "bad deal" for the DDJ Entities based on Plaintiffs' revised numbers.[1] Based on the evidence before the court, the Individuals did not receive a personal benefit from this allegedly bad deal. As such, Plaintiffs' alter ego argument - that the Individuals made a poor litigation decision on behalf of the DDJ Entities because it greatly assisted the Individuals in litigation against them - is not supported by the evidence and the court's findings. Thus, Plaintiffs' motion for reconsideration fails to provide grounds for reconsideration. Accordingly, the motion must be denied.

### *2. Trustee's Joinder and Statement of Undisputed Facts*

The Trustee's joinder in the motion for reconsideration and the Trustee's statement of undisputed facts can be resolved with one simple legal principle: *A motion for reconsideration is not the proper avenue for raising legal theories, arguments, or evidence that could have been, but were not, raised before the court issued the order for which reconsideration is sought.* Zimmerman, 255 F.3d at 740; In re Agric. Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir. 1990); Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir.1986). All of the Trustee's joinder, including the statement of undisputed facts, could have been

---

[1] The court makes no binding finding about Plaintiffs' revised numbers. However, it does appear Plaintiffs are counting as the DDJ Entities' assets both T&T's outstanding notes and the arbitrator's award in the DDJ Entities' favor. It appears the arbitrator's award resolved any outstanding notes, and Plaintiffs are double counting the amount T&T owed to the DDJ Entities. Regardless, even if Plaintiffs are correct, it was the DDJ Entities who both gave up what Plaintiffs claim is $1,900,000.00 and obtained the benefit of T&T dismissing the lawsuit against the DDJ Entities.

presented to the court prior to the court ruling on the motion to amend judgment. Thus, reconsideration based on this argument and evidence is not warranted.

The court does recognize that the motion to amend judgment was fully briefed in 2004, prior to the Trustee joining this case. However, the motion was not ruled on until after the Trustee's appearance in this action. After the stay in this case was lifted, on October 9, 2007, the court re-set Plaintiffs' motion to amend judgement to November 13, 2007. On October 25, 2007, the Trustee filed a declaration in support of Plaintiffs' motion. There is no explanation for why the Trustee's October 25, 2007 joinder did not contain all of the Trustee's arguments and evidence supporting the motion to amend judgment. When the court re-set Plaintiffs' motion to amend for November 13, 2007, no specific briefing schedule for supplemental briefs was set. However, neither Plaintiffs nor the Trustee asked permission to file supplemental briefs in light of the fact three years had passed since the motion was originally filed. Had such a request been made, the court would have granted it. Despite Plaintiffs' failure to ask permission to file a supplemental brief, the court considered Plaintiffs' October 17, 2007 supplemental memorandum of points and authorities. Thus, the court finds that nothing prevented the Trustee from making the arguments contained in the joinder and presenting the facts found in the statement of undisputed facts earlier. Accordingly, reconsideration is not available based on the arguments and evidence presented by the Trustee in the Trustee's joinder.

## MOTION FOR SANCTIONS

**A. Legal Standard**

The court has three primary sources of authority that enable the court to sanction parties or their attorneys for improper conduct. These sources are: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). Because Plaintiff

Joe Flores does not state the legal basis of his motion, the court presumes he requests sanctions under the court's inherent power.

The court has the inherent power to levy sanctions when a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). While the court's inherent power extends to all litigation abuses, the litigant must have "engaged in bad faith or willful disobedience of a court's order." Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); Fink, 239 F.3d at 992. A finding of bad faith is warranted where an attorney or party knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. Rodriguez v. U.S., – F.3d –, 2008 WL 4070886, * 3 (9th Cir. 2008). "'Mere recklessness does not alone constitute bad faith; rather, an award of attorney's fees is justified when reckless conduct is 'combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" Id. (quoting Fink, 239 F.3d at 993-94).

**B. Discussion**

In his motion for sanctions, Plaintiff Joe Flores seeks sanctions against Hagobians and Hagobians' Attorneys. The root of Plaintiff Joe Flores' motion is as follows: On January 15, 2008, Plaintiffs filed their motion for reconsideration of the court's order denying the motion to amend judgment. For some unexplained reason it was not until some fifteen days later that the Trustee joined in Plaintiffs' motion and submitted a statement of undisputed facts. Hagobians filed a timely opposition to Plaintiffs' motion for reconsideration, but requested more time to file an opposition to the Trustee's late joinder and statement of undisputed facts. On February 22, 2008, the court ordered that the Individuals could file any response to the Trustee's joinder and statement of undisputed facts by February 28, 2008. However, Hagobians did not file their opposition until March 7, 2008. On March 6, 2008, Plaintiff Joe Flores filed an opposition to any late filing by the Individuals. On March 10, 2008, Hagobians responded to the objection, stating that a calendaring mistake in Hagobians' Attorneys' office caused the late filing.

Plaintiff Joe Flores now seeks sanctions against Hagobians and Hagobians' Attorneys for this late filing.

Plaintiff Joe Flores believes sanctions are appropriate because Hagobians filed their opposition in violation of the court's order that any opposition be filed by February 28, 2008. Plaintiff Joe Flores mistakenly argues that any time a party files a document late, and as such is in violation of the Local Rules and/or a court order, that party must pay sanctions. However, as noted above, sanctions pursuant to the court's inherent power require a finding of bad faith. Chambers, 501 U.S. at 46-47; Rodriguez, – F.3d –, 2008 WL 4070886, * 3; Fink, 239 F.3d at 992. Here, there is no evidence of bad faith. The only evidence and explanation provided to the court about Hagobians' Attorneys' delay indicates that the delay was the result of a careless calendering mistake and not bad faith.

In addition, there was no prejudice to Plaintiffs or the Trustee as a result of the late filing. Hagobians timely opposed Plaintiff Joe Flores's motion for reconsideration. It was the opposition to the Trustee's statement of undisputed facts that Hagobians filed late. Plaintiff Joe Flores's standing to even complain about a late opposition to another parties' motion is unclear. While Plaintiff Joe Flores did eventually join the Trustee's supplemental facts, he did so only on February 25, 2008, three days before the opposition was due. In addition, the joinder and statement of undisputed facts were, ironically, filed late, and as such it is questionable whether they are even properly before the court.[2] The court can hardly sanction Hagobians' and Hagobians' attorneys for a late response to a late joinder.

Regardless, the only harmful result arising from Hagobians' late filing was that Plaintiffs' and the Trustee's reply briefs were due the same day Hagobians filed their opposition. This

---

[2] Neither the Rules of Civil Procedure nor the Local Rules contain a specific date by which a joinder must be filed. However, as is the case here, where the joinder contains additional facts and arguments it is really a motion in and of itself or a supplemental motion and not merely a joinder. Such a filing must be made 28 days before the hearing to allow time to file an opposition. See Local Rule 78-230(b). Plaintiffs had set their motion for reconsideration to be heard on February 25, 2008. The Trustee's joinder and statement of undisputed facts were not filed until February 1, 2008, less than 28 days before the hearing date.

prejudice was easily cured by allowing Plaintiffs and the Trustee to file late reply briefs. The Trustee did just that, and on March 13, 2008, the Trustee filed a reply brief considered by the court. Thus, nothing that happened in this string of filings convinces the court that Hagobians' and Hagobians' Attorneys' actions constituted bad faith. As such, sanctions will not be imposed.

## ORDER

Accordingly, for the reasons stated in this memorandum opinion:

1. Plaintiffs' motion for reconsideration of the court's order denying Plaintiffs' motion to amend the judgment to add the Individuals as Defendants' alter egos is DENIED; and

2. Plaintiffs' motion for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   September 24, 2008**          /s/ **Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE