UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE FLORES, et al.,<br><br>              Plaintiffs<br><br>         v.<br><br>DDJ INC., et al.,<br><br>              Defendants | CASE NO. 1:99-CV-5878 AWI DLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br><br>**(Doc. 537)** |

## I. Background

The current case was filed by Joe and Connie Flores ("Flores Plaintiffs") against two entities DDJ, Inc. and DDJ, LLC ("DDJ Entities").  It concerns packing and marketing agreements that were entered into between the DDJ Entities and Flores Plaintiffs.  On September 26, 1995, the Flores Plaintiffs entered into a packing and marketing agreement with the DDJ Entities.  The Flores Plaintiffs then began delivering agricultural commodities for packing, selling, and shipping. The agreement was renewed in 1997 and 1998.  Under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a et seq. ("PACA"), under certain circumstances, proceeds from the sale of perishable commodities must be held in trust for the benefit of the grower.  The Flores Plaintiffs sued, claiming violations of PACA, state law breach of contact, breach of fiduciary duty, fraud, and conversion.  On July 25, 2003, the jury returned a special verdict in the Flores Plaintiffs' favor for $750,000.00. On March 11, 2004, the Clerk of the Court entered judgment in favor of Flores Plaintiffs.  Shortly after judgment was filed, Flores Plaintiffs inquired about payment of judgment. On August 4, 2004, Flores Plaintiffs filed a Notice of Judgment Lien against the DDJ Entities with

1   the Fresno County Records Office and with the Secretary of State on October 1, 2004.

2          A related, later case (Civ. Case No. 04-6405) was filed on October 15, 2004 and arises out

3   of the Flores Plaintiffs' attempts to collect the earlier judgment.  The Flores Plaintiffs, DDJ

4   Entities, and WD Farming, LLC are named as plaintiffs.  Defendants in that case are a long list of

5   individuals and entities that had some form of relationship with the DDJ Entities: Dennis

6   Hagobian, Dennis Hagobian Residence Trust, Victoria Hagobian, Victoria Hagobian Residence

7   Trust, Dennis Vartan, Dennis Vartan Family Trust, Dennis and Sandly L. Vartan Family Trust,

8   Vartan Trust, Judith Yeramian, Judith Mary Yeramian Family Trust, Lee Yeremian Family Trust,

9   Lee Yeramian Exempt QTIP Trust, Russell Davidson, William Davidson, Michael Hedberg,

10  Yosemite Technologies, Inc., Rod Christensen, Taft & Traner, Inc., Norman Traner, Steven Taft,

11  Eco Farm Fields, Inc., ECO Farms Sales, Inc., Georgeson & Belardinelli, C. Russell Georgeson,

12  and Richard Belardinelli.  The history of the DDJ Entities with these parties is extremely

13  convoluted.  At base, the Flores Plaintiffs allege several of these parties were DDJ Entities insiders

14  and shareholders who wrongfully diverted the PACA trust proceeds for uses other than payment to

15  Flores Plaintiffs.

16          In this case, the Flores Plaintiffs made a motion to amend the judgment against the DDJ

17  Entities to add judgment debtors as alter egos, namely Dennis Hagobian, Dennis Vartan, Victoria

18  Hagobian, Judith Yeramian, WD Farming, LLC, the Yeramian Trust, and the Vartan Trust ("DDJ

19  Alter Egos").  Docs. 345 and 356.  On January 7, 2005, during the pendency of these cases, the

20  DDJ Entities filed for bankruptcy.  James Edward Salven and Beth Maxwell Stratton were

21  appointed as trustees for the DDJ Entities.  This case was subject to an automatic bankruptcy stay.

22  Doc. 408.  On August 23, 2007, Salven made a motion to intervene in this case. Doc. 441.  The

23  motion was not opposed and was granted on October 9, 2007. Doc. 451.  Simultaneously, the

24  court found that Bankruptcy Judge Whitney Rimel lifted the relevant bankruptcy stay. Doc. 452.

25  On November 30, 2007, the court denied the Flores Plaintiffs' motion to amend judgment to add

26  DDJ Alter Egos. Doc. 477.  Flores Plaintiffs filed a motion to reconsideration, arguing that the

27  declarations submitted by DDJ Alter Egos in opposition to the motion were shams. Doc. 484.  The

28  motion was denied in 2008. Doc. 533.

1    Now, Flores Plaintiffs have made a motion in this court to (1) vacate the order of October

2    9, 2007 granting permission for Salven to intervene and (2) vacate the order of October 9, 2007

3    recognizing the lifting of the bankruptcy stay. Doc. 537. The motion is opposed. Doc. 546. Of

4    note, this motion is similar in substance to a motion filed in the related case which also sought to

5    void the intervention of the Trustees in that case; the motion was denied. Civ. Case No. 04-6405,

6    Docs. 353 and 362.

7

8                                    **II. Legal Standard**

9    Fed. Rule Civ. Proc. 60(b)(4) states "On motion and just terms, the court may relieve a

10   party or its legal representative from a final judgment, order, or proceeding for the following

11   reasons:...(4) the judgment is void." "A final judgment is 'void' for purposes of Rule 60(b)(4)

12   only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute

13   or over the parties to be bound, or acted in a manner inconsistent with due process of law." United

14   States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). "A judgment is not void merely because it is

15   erroneous." United States v. Holtzman, 762 F.2d 720, 724 (9th Cir. 1985), citations omitted.

16

17                                    **III. Discussion**

18   **A. Intervention by Salven**

19   Flores Plaintiffs assert that:

20   Mr. Salven is precluded from joining and further prosecuting Flores Alter Ego
     Motion because the in pari delicto doctrine in conjunction with the Wag[o]nor
21   Doctrine [Shearson Lehman Hutton, in Vs. Wagonor, 944 F.2d 114 (2nd Cir.
     1991)]; and the matter of [Caplin v. Marine Midland Grace Trust Co., 406 U.S.
22   416, 428-30 (1972)] among other well established case law in California, as well as
     other state courts and district court[s] throughout the United States of America.
23   More specifically, law does not permit trustees for judgment debtors (DDJ Entities)
     to prosecute any sort of action against any third parties to include DDJ Entities
24   shareholders, directors, officers, and members as alleged in Flores Alter Ego
     Motion. The in pari delicto defense is most broadly defined as 'the principle that a
25   plaintiff who has participated in wrongdoing may not recover damages resulting
     from the wrongdoing['] (Black's Law Dictionary, 806 (8th Ed. 2004), therefore and
26   as further explained herein below, DDJ Entities' aiding and abetting with third
     parties to include its shareholders, officers, directors, and members of DDJ Entities,
27   divest DDJ Entities of any standing to prosecute actions against its own
     shareholder[s], officers, directors, and members, for any wrongdoing in which DDJ
28   Entities participated. The Court for that reason was divested of personal and subject

                                          3

matter jurisdiction when rendering [the] October 5, 2007 order granting Trustee the right to join Flores Complaint and Judgment, and to further intervene in judgment creditor's Alter Ego Motion.

Doc. 538, Flores Plaintiffs Brief, 2:14-3:8.  They argue that as a consequence, all subsequent orders of the court (especially the denial of the motion to amend judgment to add DDJ Alter Egos) were void for lack of jurisdiction.

     Flores Plaintiffs ' argument on the merits is not convincing.  The in pari delicto doctrine states "property delivered under an illegal contract cannot be recovered back by any party in pari delicto. The general rule, in its full Latin glory, is 'in pari delicto pari delicto potior est conditio defendentis,' or in case of equal fault the condition of the party defending is the better one....neither party to an illegal contract will be aided by the court, whether to enforce it or set it aside." Kardoh v. United States, 572 F.3d 697, 700 (9th Cir. 2009), citations omitted.  The doctrine has "complex scope, contents, and effects." Perma Life Mufflers v. International Parts Corp., 392 U.S. 134, 140 (1968).  In this case, the theory is that the DDJ Entities colluded with insiders to illegally move assets out of the DDJ Entities to avoid paying any judgment awarded the Flores Plaintiffs.  Thus, in pari delicto invalidates any claims the DDJ Entites has against those they colluded with.

     In the context of bankruptcy, claims regarding such malfeasance may properly belong to the creditors rather than the estate.  A bankruptcy trustee can not sue to vindicate the claims of third parties; a bankruptcy trustee can only sue to recover claims belonging to the estate itself. Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 428 (1972).  The Second Circuit has found that the application of in pari delicto can deprive a bankruptcy trustee not only of a claim, but actual standing to sue. Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117-18 (2nd Cir. 1991) ("the trustee lacks standing because the claims he alleges on behalf of HMK's estate are really those of the noteholders, and because any action HMK itself might assert regarding Shearson's alleged participation in looting the corporation is barred by virtue of the fact that HMK's sole shareholder and officer was the principal that engaged in the looting").  In contrast, the Eighth Circuit, after surveying the extent case law on the subject, disagreed with the Second Circuit and stated "We agree with the First, Third, Fifth, and Eleventh Circuits that the collusion

1  of corporate insiders with third parties to injure the corporation does not deprive the corporation of

2  standing to sue the third parties, though it may well give rise to a defense that will be fatal to the

3  action....The in pari delicto doctrine is a defense. Even if an in pari delicto defense appears on the

4  face of the complaint, it does not deprive the trustee of constitutional standing to assert the claim,

5  though the defense may be fatal to the claim." Moratzka v. Morris, 482 F.3d 997, 1004 (8th Cir.

6  2007), citations omitted.

7       The courts of the Ninth Circuit have also rejected the Second Circuit's holding in

8  Wagoner. Carramerica Realty Corp. v. NVIDIA Corp., 302 Fed. Appx. 514, 517 (9th Cir. 2008)

9  ("The Creditors argue that Trustee standing is barred under [Wagoner]. However the Wagoner rule

10  has been much criticized and we decline to follow it"); Donell v. Nixon Peabody LLP, 2012 U.S.

11  Dist. LEXIS 126146, *12-13 (C.D. Cal. Sept. 5, 2012) ("the court declines to adopt the Wagoner

12  rule and dismiss the Receiver's action for lack of standing"); Schneilling v. Thomas, 2005 U.S.

13  Dist. LEXIS 6466, *27 n.2 (D. Nev. Apr. 1, 2005) ("The Second Circuit's application of

14  imputation to a trustee has developed through that Circuit's use of imputation rules to determine

15  whether a trustee has standing to pursue claims against third parties. See [Wagoner]. The Second

16  Circuit thus has made imputation a federalized test for standing. Standing is a separate question

17  from the application of state law equitable defenses [including in pari delicto] on the merits").

18  This result is consistent with overall Ninth Circuit practice which terms in pari delicto a "common

19  law defense." Memorex Corp. v. IBM Corp., 555 F.2d 1379, 1381 (9th Cir. 1977).  Salven in this

20  case had standing to intervene.

21

22  **B. Bankruptcy Stay**

23       Flores Plaintiffs assert that "The stay against Floreses as mandated by 11 USC § 362(a),

24  continued to be in effect as of the drafting of these moving papers….Bankruptcy Court refused to

25  grant Floreses their numerous motions for relief of stay, and Bankruptcy Court continues with its

26  persuasion that Floreses Alter Ego Motion continued to be property of DDJ Entities Estates

27  pursuant to 11 USC § 362 as of the drafting of this immediate motion." Doc. 538, Flores Plaintiffs

28  Brief, 29:7-8 and 30:5-8.  This assertion is unsupported.  As this court has already stated, "[on

August 9, 2007] Judge Rimel granted relief from the stay based on the length of the Chapter 7 case and lack of an opposition….Judge Rimel has either lifted any stay that had been entered and/or found no stay exi[s]ts as to the Defendants. If any party believes Judge Rimel's order should be clarified or altered, this request must be addressed to Judge Rimel." Doc. 452, Order, 1:26-2:10. Flores Plaintiffs have not explained any circumstance that warrants reconsideration.

### IV. Order

Flores Plaintiffs' Fed. Rule Civ. Proc. 60(b)(4) motion is DENIED.

IT IS SO ORDERED.

Dated:   February 20, 2015          _____

SENIOR  DISTRICT  JUDGE